# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:06cr023-WHA |
| ) | |
| LAURA LEE PHILLIPS ) | |
| a/k/a Goobe ) | |

## MOTION FOR LEAVE TO AMEND INDICTMENT

The United States of America moves this Court for leave to amend the indictment in this case. In support, the United States submits the following:

1. On January 20, 2006, a grand jury sitting for this district returned a two-count indictment against Defendant Laura Lee Phillips. In drafting the indictment, the United States inadvertently committed one typographical error. Specifically, in the last sentence of paragraph 2, the Indictment erroneously states that "**Long** did not reside in Louisiana," when it should have stated that "**Phillips** did not reside in Louisiana."

2. The United States acknowledges that a substantive amendment to an indictment after it has been returned by a grand jury is reversible error. See generally, Stirone v. U.S., 361 U.S. 212 (1960) (amendment to indictment violates the 5th Amendment Grand Jury Clause). However, if the amendment is merely to correct a clerical error, the amendment is permissible. U.S. v. Diaz, 190 F.3d 1247 (11th Cir. 1999) (no impermissible amendment of indictment when merely to correct nonprejudicial typographical error). Here the sole purpose of the amendment is to correct a clerical error. The amendment is not substantive

**MOTION GRANTED**

THIS 31st DAY OF March, 20 06

_____
**UNITED STATES MAGISTRATE JUDGE**